NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


ANDRE TREMAYNE HODGE,     )
     )
     Appellant,     )
     )
v.     )     Case No. 2D12-5624
     )
STATE OF FLORIDA,     )
     )
     Appellee.     )
     )

Opinion filed August 6, 2014.

Appeal from the Circuit Court for
Hillsborough County; Ashley Moody, Judge.

Howard L. Dimmig, II, Public Defender, and
Allyn M. Giambalvo, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Timothy A. Freeland,
Assistant Attorney General, Tampa, for
Appellee.


VILLANTI, Judge.

          Andre Tremayne Hodge seeks review of his convictions and sentences in

seven separate circuit court cases, all of which arose out of a crime spree that occurred

in January 2012. Having considered the entire record and the State's partial concession of error, we affirm in part, reverse in part, and remand for further proceedings.

Hodge initially entered pleas of not guilty to all of the charges in all seven of the cases. However, after the trial court denied Hodge's motions to suppress his statements and certain physical evidence, Hodge reached a plea agreement with the State that involved him changing his pleas to no contest in exchange for the State's waiving certain sentencing enhancements. The trial court subsequently held a change of plea hearing, during which it addressed all of the charges in all of the cases except one—circuit court case number 12-CF-003535. In that single case, the trial court never held a plea colloquy with Hodge and never received a change of his plea. Nevertheless, the trial court sentenced Hodge for the three offenses charged in that case, and a written judgment and sentence were later rendered based on a no contest plea that was never actually entered.

Florida Rule of Criminal Procedure 3.170(k) requires the trial court to determine in open court that a guilty or nolo contendere plea is voluntarily entered and that there is a factual basis for such plea. Here, Hodge never formally changed his plea of not guilty in circuit court case number 12-CF-003535, and no trial was ever held on the charges in that case. Hence, the legal requirements of rule 3.170(k) were clearly not fulfilled, and the trial court erred in convicting and sentencing Hodge in that case. Because we are unable to correct this inadvertency by appellate mandate, we must reverse Hodge's conviction and sentences in case number 12-CF-003535 and remand for further proceedings. And because it appears that this error was simply an oversight

on the part of all involved, we encourage the State to work with Hodge to effectuate the intent of his original plea agreement.  In all other respects, we affirm.

Affirmed in part, reversed in part, and remanded for further proceedings.

DAVIS, C.J., and BLACK, J., Concur.